FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 14 P 2: 19

CLERK *J. LaVictoire*
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HERBERT LEE CHRISTOPHER, SR.,

    Petitioner,

vs.

    CIVIL ACTION NO.: CV205-127

JOSE VASQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herbert Lee Christopher ("Christopher"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of *habeas corpus* pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Christopher has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Christopher was convicted in the Middle District of Florida of conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base, in violation of 21 U.S.C. § 846. Christopher was sentenced to life imprisonment, to be followed by ten years of supervised release. Christopher filed an appeal, and the Eleventh Circuit Court of Appeals affirmed. Subsequently, Christopher filed a 28 U.S.C. § 2255 motion, which the trial court denied. On appeal of his section 2255 motion, the Eleventh Circuit reversed

AO 72A
(Rev. 8/82)

in part and remanded for an evidentiary hearing to determine whether the government timely filed the required notice to enhance Christopher's sentence. The trial court re-sentenced Christopher to 360 months' imprisonment, and the Eleventh Circuit affirmed his conviction and that sentence. Christopher also filed a motion pursuant to FED. R. CIV. P. 60(b), which the trial court construed as a successive section 2255 motion and dismissed.

In the instant petition, Christopher asserts that the trial court re-sentenced him above the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). Christopher claims that the sentence violates the decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Christopher contends that his custody is unlawful because it violates his Fifth Amendment due process rights and his Sixth Amendment rights. Christopher asserts that the indictment in this case failed to provide an essential element of the crime. He avers that the indictment included an amount of drugs much smaller than that used at sentencing.

Respondent avers that Christopher's petition should be dismissed because he does not satisfy the savings clause of 28 U.S.C. § 2255. Respondent asserts that Booker and Blakely are not retroactively applicable to cases on collateral review.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. §

AO 72A
(Rev. 8/82)

2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1] To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Christopher has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. In so doing, Christopher asserts that the remedy provided by section 2255 is inadequate to effectively remedy a defective indictment based on the rulings in Apprendi and Booker. Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n. 12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

Christopher was sentenced on September 26, 2000 and again on June 26, 2002. Christopher alleges that his 360 month sentence is illegal based on Apprendi, Blakely, and Booker. However, the Supreme Court has not made its decisions in Booker, Blakely, and Apprendi retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Apprendi was decided on June 26, 2000. Blakely and Booker were decided on June 24, 2004, and January 12, 2005, respectively. Christopher had an opportunity to make an Apprendi argument at his re-sentencing and subsequent section 2255 motion. In fact, Christopher states that "at the time of [his] third re-sentencing hearing Apprendi was in full force and effect." (Pet. at 6.) Christopher also states that he "waived his Apprendi argument" at that time. (Id., n. 1.) To allow Christopher to have his requested relief pursuant to Apprendi, Booker, and Blakely would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review unless and until the Supreme Court expressly states that it should be applied retroactively. See In re Dean, 375 F. 3d 1287, 1290 (citing

4

Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)); Varela, 400 F.3d at 867 (11th Cir. 2005) (Supreme Court has not made decisions retroactively applicable).

Christopher has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. He cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Christopher is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." See Wofford, 177 F.3d at 1245.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and Christopher's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 14th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5